# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DEMONTEZ ANTONIO SYKES,

        Petitioner,         Case No. 17-cv-13649
                                         Hon. Matthew F. Leitman

v.

PEOPLE OF THE STATE
OF MICHIGAN,

        Respondent.
_____/

## OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING CERTIFICATE OF APPEALABILITY; AND (3) DENYING PERMISSION TO APPEAL *IN FORMA PAUPERIS*

Demontez Antonio Sykes ("Petitioner") is a state prisoner in the custody of the Michigan Department of Corrections. He has filed a Petition for Writ of Habeas Corpus challenging his present incarceration. The Court concludes that the petition is frivolous and Petitioner is not entitled to habeas corpus relief. Accordingly, for the reasons stated below, the Petition is DENIED. The Court also DENIES Petitioner a certificate of appealability and DENIES permission to proceed *in forma pauperis* on appeal.

Petitioner pleaded no contest in Oakland County Circuit Court to three counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(a), and is serving three concurrent terms of 11 years, 4 months to 30 years' imprisonment.

Petitioner states that the petition arises out of an Admiralty and Maritime Claim. (*See* ECF #1). Petitioner identifies himself as "Demontez-Antonio Sykes, Trustee/Secured Party/ Bailee of the DEMONTEZ ANTONIO SYKES TRUST (C)." (*Id.*). The petition is rambling and difficult to understand, but the gist of Petitioner's arguments is that his "living, breathing, flesh-and-blood" self has been placed into a trust (the DEMONTEZ ANTONIO SYKES TRUST (C)) and that this "trust" is a "vessel in commerce." (*Id.*). The petition purports to enforce a Maritime Lien requiring the release of the "property" of the trust, that is, the "flesh-and-blood" Petitioner, to satisfy a debt. (*Id.*).

Federal courts may dismiss a habeas corpus petition that is legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); Rule 4, Rules Governing Section 2254 Cases. Petitioner's contentions that he can avoid serving a term of imprisonment by establishing a trust, labeling himself a vessel in commerce, and invoking civil commercial statutes or admiralty jurisdiction are frivolous. *Accord Dickinson v. Granade*, No. 1:16-cv-0153, 2016 WL 3647181, *11 (S.D. Ala. June 1, 2016) ("[I]t is readily apparent that a criminal judgment cannot be the 'res' of a trust intended to benefit the very person (plaintiff) whose misconduct resulted in imposition of the criminal judgment."); *Figueroa Hernandez v. Figueroa Hernandez*, No. 7:08-cv-0498, 2008 WL 4533940, *3 (W.D. Va. Oct. 7, 2008) ("The court simply finds no ground upon which an inmate may use civil commercial statutes or admiralty jurisdiction to challenge the fact or length of his confinement.").

The Court concludes that Petitioner is not entitled to federal habeas relief. Accordingly, the Court DENIES and DISMISSES WITH PREJUDICE the Petition.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court finds that Petitioner has failed to demonstrate that jurists could conclude the issues presented here are adequate to deserve encouragement to proceed further. Accordingly, the Court DENIES a certificate of appealability. The Court DENIES leave to proceed *in forma pauperis* on appeal as an appeal could not be taken in good faith. See Fed. R. App. P. 24(a).

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: January 23, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 23, 2018, by electronic means and/or ordinary mail.

                                                                    s/Holly A. Monda
                                                                    Case Manager
                                                                    (810) 341-9764